(No. 3873—

HARRY WILSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1945.*

CLARENCE B. DAVIS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

Fisher, C. J.

Claimant alleges that on August 10, 1943 he was injured by reason of an accident arising out of and in the course of his employment by the respondent as Janitor-Clerk in the office of the Clerk of the Appellate Court for the Third District, at Springfield, Illinois.

Claimant seeks an award for medical expenses incurred, compensation for temporary total disability, and for permanent partial disability.

The record consists of the Complaint, Report of the Clerk of the Appellate Court for the Third District of Illinois, Claimant's Transcript of Evidence, and Statement, Brief and Argument of both Claimant and Respondent.

From the record, it appears that on August 10, 1943 claimant was cleaning a file in the Docket Room in the office of the Clerk of the Appellate Court for the Third District. In order to reach the top file it was necessary for claimant to use a ladder and, as he was standing on this ladder, he fell, striking his back and shoulders on a chest of drawers. The Chief Deputy Clerk was immediately notified of the accident.

The claimant continued to work until August 31, 1943, at which time he states he was unable to continue to perform his duties because of his injuries. Claimant was treated by Dr. Martin B. Jelliffe from August 10, 1943 to October 27, 1944, and thereafter was treated by Dr. J. J. Pleak because of the death of Dr. Jelliffe.

Claimant was paid $250.00 for unproductive time subsequent to August 31, 1943, which must be deducted from any compensation found to be due claimant.

From the record, we find that claimant and respond-

ent were operating under the provisions of the Workmen's Compensation Act; that claimant was injured in the course of his employment and is entitled to the benefits of the Workmen's Compensation Act.

Claimant is married and has no children under 16 years of age dependent upon him for support. Claimant expended the sum of $277.50 for medical services rendered on account of his injuries, for which sum he is entitled to be reimbursed. Claimant also seeks reimbursement for $160.00 expended for the rental of an ultraviolet ray lamp, and $61.21 expended for drugs. It does not appear that the expenditures for drugs and an ultraviolet ray lamp were necessary to cure or relieve the injury, or that they were prescribed or advised by claimant's physician. The claim for reimbursement of these expenditures must, therefore, be denied.

Claimant has not established his claim for permanent partial disability, and this portion of his claim must be denied.

Dr. Pleak testified on August 17, 1945 that, in his opinion claimant at that time was able to do light work. We conclude from the evidence that the claimant was disabled from August 31, 1943 until April 17, 1945, for which period he is entitled to receive compensation in accordance with the provisions of the Workmen's Compensation Act.

Claimant's annual salary was $1800.00, and his average weekly wage exceeds the maximum of $15.00 provided by section 8 (h) of the Workmen's Compensation Act; therefore, claimant's compensation rate would be the maximum of $15.00, increased by $17\frac{1}{2}\%$ by the provision of section 8 (m), or $17.63 per week. Claimant is entitled to have and receive from respondent the sum of $17.63 per week from September 1, 1943 to April 17, 1945,

a period of 84–6/7 weeks, or $1,496.03, plus $277.50 expended for medical services, from which must be deducted the sum of $250.00 paid to claimant for unproductive time, leaving a balance due claimant of $1,523.53.

An award is therefore entered in favor of claimant, Harry Wilson, for $1,523.53, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concerning the payment of compensation awards to State employees."